The Chancellor.
Mary Pound, the wife of the defendant, being engaged in carrying on business in her own name and on her own account, and having a separate estate of her own in her own right, induced the complainants to give her credit to a largo amount, by a pledge of certain of her real estate as a security for such indebtedness, and by a promise to give, in connection with her husband, a mortgage upon a portion of her real estate. A part of the indebtedness had been previously created by the husband, and was assumed by the wife, and her separate notes were given for all of her husband’s indebtedness, and for the larger portion of her own.
The bill prays that an account may be taken of the amount of indebtedness thus incurred, and that it may be declared an equitable lien upon the separate estate of the wife, and may be paid out of the same, and that the defendants may be restrained from conveying, charging, or encumbering the said real estate. An injunction issued, which the defendants now ask to dissolve for want of equity in the bill. It is admitted that the complainants are properly in court, and that they have a right in this mode to enforce their remedy against a married woman. But it is denied that the court will by injunction restrain the wife from disposing of her estate at pleasure.
It is admitted, as a general rule, that an injunction will not be issued at the instance of a general creditor to restrain his debtor from disposing of his property in fraud of his creditor. Wiggins v. Armstrong, 2 Johns. Ch. R. 144.
*180 Nor can such general creditor maintain a hill in this court for relief against the alleged fraudulent disposition of his property by a debtor. The complainant must have a lien by judgment and execution or by attachment to authorize him to ask for the aid of a court of equity. Edgar v. Clevenger, 1 Green’s Ch. R. 258; Hunt v. Field, 1 Stock. 36.
One of the reasons of the rule is, that the investigation may prove fruitless, as it may turn out that no debt is due to the complainant. But this court has sustained a bill by an attaching creditor before judgment. Hunt v. Field, 1 Stock. 36; Williams v. Michenor, 3 Stock. 520.
The real ground for not sustaining the bill of a general creditor for relief against the fraudulent disposition of his debtor’s property is, that the debt is no charge or lien upon the property of the debtor. So if a woman during coverture contract debts generally without indicating an intention to charge her separate estate with the payment of them, a bill will not be entertained to enforce payment out of her separate estate. But her separate estate will be held liable for all debts which she does expressly or by implication charge thereon. And a bill may be maintained by the creditor to enforce such equitable lien against the separate estate of the wife. The agreement that the debt shall be paid out of her separate property is a charge upon the separate estate. 2 Kent’s Com. 164; 2 Story’s Eq. Jur. § 1398,1401; Hulme v. Tenant, 1 Bro. C. 16; Gardner v. Gardner, 22 Wend. 526; Vanderheyden v. Mallory, 1 Comts. 462; Leaycraft v. Hedden, 3 Green's Ch. R. 512; 2 Roper 239, 240; Clancy on Husband and Wife 339, 340.
If the bill may be maintained upon the ground that the indebtedness is an equitable charge upon her separate estate, it seems clear that equity will protect such equitable lien by injunction. In Williams v. Michenor, 3 Stock. 524, the Chancellor said, I think the injunction is proper if the bill has any equity in it and can be maintained. If the relief prayed for should be granted, it is right to protect the property until the relief is afforded.
*181 In Stuart v. Viscount Kirkwall and Wife, 3 Mad. 387, a wife, liaving rendered her separate estate liable by accepting a bill of exchange, an injunction was granted to restrain the trustees of the wife from paying over the money that might become due to her till the complainant’s claim was satisfied. 2 Bright’s Husband and Wife 346.
The bill in this case charges that the debts which the complainants seek to recover were expressly charged by the wife upon her separate estate. Upon this motion, the allegations of the bill must be taken to be true.
The motion to dissolve the injunction must be denied with costs.